PAPE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-392-CR

STEVEN JEFFREY PAPE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Steven Jeffrey Pape challenges the factual sufficiency of the evidence to support his conviction for aggravated sexual assault of a child and indecency with a child.  We affirm.

Standard of Review

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, No. PD-469-05, 2006 WL 2956272, at *8 (Tex. Crim. App. Oct. 18, 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 2006 WL 2956272, at *8, 10; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 2006 WL 2956272, at *10.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.
  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 

Evidence

The complainant in this case is Appellant’s thirteen-year-old daughter, S.P.  Three witnesses testified at trial: S.P., her mother, and a medical doctor who physically examined S.P.

S.P. testified that in November 2000, when she was eight years old, Appellant began to touch her between her legs outside her clothing.  She said that Appellant told her not to tell anyone or she would get in trouble and go to “juvenile hall.”  S.P. testified that her mother (Appellant’s wife) was in the shower when Appellant touched her. 

S.P. testified that Appellant began to touch her genitals under her clothing in February 2001.  In March or April, said S.P., Appellant began to penetrate her vagina with his fingers and his tongue.  S.P. testified that Appellant assaulted her every day when she returned home from school while her mother was showering, cleaning, or cooking.  She said that Appellant told her not to tell anyone or he would kill her mother.  S.P. testified that Appellant eventually began to penetrate her sexual organ with his penis “every day”; this continued until November 2001.  According to S.P., Appellant had sex with her five times a day, every day, in various rooms of the house while her mother was in another room showering, cooking, cleaning, studying, or playing computer games. 
 S.P. testified that Appellant got home from work at 4:00 p.m. and that she went to bed at 8:00 p.m. 

In early September 2003, S.P. told her mother that she had been raped, but not by whom.  Her mother called the police, who referred her to Child Protective Services (CPS).  Later that month, S.P. told her mother that Appellant was her assailant.   

When the police and CPS interviewed S.P., she told them nothing had happened.  A month later, she told a CPS caseworker that Appellant had touched her with his hands not more than five times.  In a third interview, S.P. told CPS that Appellant had sex with her every day for a year. 

Dr. Jayme Coffman, director of the child abuse clinic at Cook Children’s Hospital, testified that she examined S.P. on October 15, 2003.  S.P. told Dr. Coffman that Appellant had penetrated her labia with his penis.  Dr. Coffman testified that S.P.’s physical examination was normal and that her hymen was intact. 

Discussion

Appellant argues that the discrepancies between S.P.’s outcry statements to her mother, the police, CPS, and Dr. Coffman and her testimony at trial render the evidence factually insufficient.  Appellant also argues that it is improbable that Appellant could have sex with S.P. five times a day, every day, between the hours of 4:00 and 8:00 p.m., while S.P.’s mother was also in the house.  Finally, Appellant argues that it is “virtually impossible” for S.P.’s physical exam to show no sign of sexual abuse after abuse of that frequency and duration.

Deferring, as we must,  to the jury’s resolution of contradictory testimony and evaluation of credibility and demeanor, we cannot say that the evidence 
is so weak that the verdict is clearly wrong and manifestly unjust nor that the conflicting evidence so greatly outweighs the evidence supporting the verdict that the jury’s determination is manifestly unjust
.  
See 
Johnson
, 23 S.W.3d at 8
.  Therefore, we hold that the evidence is factually sufficient.

We overrule Appellant’s sole point and affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  November 30, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.